Denise SANDERS, et al., Plaintiffs–Appellants,

v.

VENTURE STORES, INCORPORATED, Defendant–Appellee.

No. 94–3779.

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1995.

Decided May 23, 1995.

Patricia E. Bender (argued), Washington & Bender, Chicago, IL, for plaintiffs-appellants.

John S. Schauer and Anthony B. Byergo (argued), Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for defendant-appellee.

Before ALDISERT,* BAUER and FLAUM, Circuit Judges.

ALDISERT, Circuit Judge.

Long after receiving "right to sue" letters from the Equal Employment Opportunity Commission ("EEOC"), three black women filed a complaint in federal court against their former employer, Venture Stores, Inc., asserting violations of Title VII. Venture filed a motion for summary judgment on the ground that Plaintiffs' complaint was untimely filed and the district court, after the close of discovery, referred the matter to a magistrate judge for determination. Plaintiffs then filed a motion to amend their complaint to add additional claims and parties, which the district court took under advisement pending the magistrate judge's determination on the summary judgment motion. When the magistrate judge concluded Plaintiffs' Title VII claim was time-barred, the district court accepted the magistrate judge's recommendation, granted Venture's motion for summary judgment and denied Plaintiffs' motion to amend as moot. Plaintiffs appeal the denial of their motion to amend as moot. We affirm, but on alternate grounds.

Jurisdiction was proper in the district court based on 28 U.S.C. § 1331 and 42 U.S.C. § 2000e–5. This court has jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.

I.

On April 8, 1992, shortly after they were terminated from their positions at Venture Stores, Inc., Plaintiffs filed charges of race discrimination concurrently with the Illinois Department of Human Rights and the EEOC. On September 3, 1993, the EEOC issued "right to sue" letters to each of the three Plaintiffs, faxing and mailing the letters directly to their attorney, Patricia Bender, thereby triggering the 90–day filing requirement under 42 U.S.C. § 2000e–5(f)(1). Plaintiffs did not file an action against Venture until February 24, 1994, 175 days after the "right to sue" letters were issued, asserting claims only under Title VII.

On April 6, 1994, Venture filed its answer and affirmative defenses, including an argument that Plaintiffs' action was time-barred. The parties then filed their Joint Plan of Discovery. The district court ordered discovery closed on July 1, 1994. On June 29, Plaintiffs moved to extend the discovery date because they had not yet noticed depositions for any agents or representatives of Venture.

On July 7, 1994, Venture filed a motion for summary judgment on the ground that all three Plaintiffs were time-barred under 42 U.S.C. § 2000e–5(f)(1). The following day, the district court established a schedule for remaining briefing on Venture's motion and granted Plaintiffs' motion to extend discovery

---

* Ruggero J. Aldisert, of the Third Circuit, sitting by designation.

until August 15, 1994. It further ordered that the joint pre-trial order be submitted to it on August 26, 1994.

On August 24, 1994, nine days after the extended discovery cut-off date, the district court voiced serious concerns about Plaintiffs' ability to withstand Venture's motion for summary judgment. Nevertheless, the court referred the motion to a magistrate judge for an evidentiary hearing. One week later, while the motion was pending, Plaintiffs moved to amend their complaint under Rule 15(c)(2) to add counts under 42 U.S.C. §§ 1981 and 1985(3), and a state wrongful discharge claim. The motion also sought to add four new individual defendants, agents and officers for Venture. It will be noted that Plaintiffs' August 31 motion to amend was filed 16 days after the extended discovery cut-off date, and two months after the initial discovery cut-off date. The court took the motion to amend under advisement on September 2, pending the magistrate judge's ruling on Venture's summary judgment motion.

On September 30, the magistrate judge conducted an evidentiary hearing and issued its Report and Recommendation, finding Plaintiffs failed to commence their action within 90 days of receipt of their "right to sue" letters and advising that Venture's motion for summary judgment be granted. On October 24, the district court issued an order adopting the magistrate judge's recommendation, granting Venture's motion for summary judgment and denying Plaintiffs' motion to amend their complaint as moot. Plaintiffs appeal that order, contending the district court erred in denying the motion to amend their complaint as moot after it granted Venture's motion for summary judgment.

## II.

Under the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R.Civ.P. Rule 15(a). "In the absence of any apparent or declared reason—such as undue delay, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1298 (7th Cir.1993) (quoting *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

▮ Generally, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *J.D. Marshall Intern. Inc. v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir.1991). Thus, in a typical appeal we review the denial of a motion for leave to amend a complaint for abuse of discretion. *Cleveland v. Porca Co.,* 38 F.3d 289, 297 (7th Cir.1994). Moreover, "the denial will be overturned only if there was no justifying reason for it." *Johnson v. Methodist Medical Center of Illinois,* 10 F.3d 1300, 1303 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2102, 128 L.Ed.2d 664 (1994). However, in this case the district court did not indicate that its denial of Plaintiffs' motion for leave to amend their complaint resulted from an exercise of its discretion. Rather, the court's minute order stated:

> The court adopts magistrate judge Pallmeyer's report and recommendation. Accordingly, defendants' motion for summary judgment [11–1] is granted and plaintiffs' objections to the magistrate judge's report and recommendation are overruled. Plaintiffs' motion to amend their complaint to add counts and individual defendants [31–1] is denied as moot ...

We conclude that the district court's decision to deny as moot Plaintiffs' motion to amend in light of its granting Venture's motion for summary judgment is a legal issue we review *de novo*.

## III.

▮ This court may affirm the district court's judgment "'on any ground that is supported by the record.'" *Crane by Crane v. Indiana High School Athletic Assn.,* 975 F.2d 1315, 1319 (7th Cir.1992) (quoting *LaSalle Nat'l Bank v. General Mills Restaurant Group, Inc.,* 854 F.2d 1050, 1052 (7th Cir.1988)). We conclude that, although the court did not expressly state that there

would be undue delay and prejudice if leave to amend were granted, such delay and prejudice was "apparent." *See Thompson v. Boggs,* 33 F.3d 847, 853 (7th Cir.1994) ("Leave to amend the pleadings may be denied for 'apparent or declared reasons.' ") (quoting *J.D. Marshall,* 935 F.2d at 819); *see also Perrian v. O'Grady,* 958 F.2d 192, 195 (7th Cir.1992) ("Although the district court's reason for the denial of the motion would have been more helpful if it were expanded, it passes muster.... We have reviewed the record and find that it supports a justifying reason of undue delay and prejudice to the judicial system if not also to [defendant].". Because we affirm on other grounds, we do not meet the question of whether a motion to amend is moot following summary judgment.

Here we conclude from the record that granting Plaintiffs' motion for leave to amend clearly would result in undue delay, as well as prejudice to Venture and the four new defendants, forcing Venture to re-litigate the dispute on new bases (the new state breach of contract count in particular) and to incur new rounds of additional and costly discovery, and depriving it of the meaningful value of obtaining summary judgment. This conclusion is supported by our case law uniformly advising that a plaintiff's leave to amend, when filed after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial.

### A.

Consistently, we have affirmed denials of a motion for leave to amend under circumstances similar to those presented here, specifically where a plaintiff has sought leave to amend after the defendant filed a successful motion for summary judgment. In *Johnson v. Methodist Medical Center of Illinois,* we stated:

> When confronted by [defendant's] motion for summary judgment, plaintiff realized that she would lose based on the specific claims contained in the second amended complaint. She therefore asked for leave to add a large number of new specific claims ...

> [I]t seems likely that [defendant] would have to engage in substantial additional discovery and thus be prejudiced if plaintiff's proposed complaint were accepted. If amendment were permitted, [defendant's] success in defeating all the claims in the second amended complaint would not end the lawsuit, and it would have to engage in a new contest on different issues—four years after the action was started.

> There must be a point.at which a plaintiff makes a commitment to the theory of its case. Here, the proposed complaint attempts to add a whole new theory of the case four years after this action was commenced, with no explanation as to why amendment did not take place sooner, except perhaps that plaintiff's attorney felt it was not necessary....

> [E]ven if we accept plaintiff's assertion that she had no knowledge of the new allegations until the summer 1991 depositions, plaintiff did not move to amend her complaint at that time, but instead only sought to do so when faced with the likelihood that [defendant's] motion for summary judgment would succeed.

> We conclude that the district court did not abuse its discretion when it denied plaintiff's motion for leave to file a third amended complaint.

10 F.3d at 1304; *see also Cleveland v. Porca Co.,* 38 F.3d 289, 297 (7th Cir.1994) (district court did not abuse its discretion in denying motion to amend "after discovery was completed and after motions for summary judgment were fully briefed.... This motion came late in the day."); *Garner v. Kinnear Mfg. Co.,* 37 F.3d 263, 269–70 (7th Cir.1994) (district court did not abuse its discretion in denying two motions to amend after opposition had moved for summary judgment); *Kleinhans v. Lisle Savings Profit Sharing Trust,* 810 F.2d 618, 625 (7th Cir.1987) (district court did not abuse its discretion in denying leave to amend where proposed amendment came after the close of discovery and after defendants moved for summary judgment, because plaintiff's motion "represents an apparent attempt to avoid the effect of summary judgment."); *Murphy v. White*

*Hen Pantry Co.,* 691 F.2d 350, 353 (7th Cir. 1982) (district court did not abuse its discretion in denying motion to amend where motion was filed after parties had completed discovery and where motion would inject a new theory into the litigation).

■ The foregoing reasoning holds true particularly where a plaintiff has provided no explanation as to why amendment did not take place sooner, and where the delay in filing the motion to amend would cause delay and burden the parties. *Campbell v. Ingersoll Milling Machine Co.,* 893 F.2d 925, 927 (7th Cir.), *cert. denied,* 498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); *see also Continental Bank, N.A. v. Meyer,* 10 F.3d at 1298 ("These facts could have been pled at any time after the filing of the initial complaint. If the amendment were allowed, [defendant] would have been put to additional discovery, and thus prejudiced. We conclude that the district court did not abuse its discretion in refusing the amendment because of undue delay.") (citation omitted).

### B.

■ Although it is true that longer limitations periods may be available under 42 U.S.C. §§ 1981 and 1985(3) and under certain state actions, when it comes to employment discrimination cases covered by Section 2000e–5, the familiar Title VII litigation, Congress has expressed the limitations bar not in months or years, but in days. It requires charges to be filed within 180 days after the allegedly unlawful employment practice occurred, 42 U.S.C. § 2000e–5(e)(1), and the court complaint to be filed within 90 days after receipt of the EEOC "right-to-sue" letter. 42 U.S.C. § 2000e–5(f)(1). Implicit in this legislation is a policy that there should be no delay in employment discrimination cases. It is a recognition that memories may fail in the workplace in recalling the minutia of what was said and what was done. It is the collective experience of the judiciary that often the line of demarcation between permissible or prohibited speech or exculpatory or incriminating conduct is evanescent. It therefore becomes necessary to hear testimony while precise recollections are keen and not dulled by undue passage of time. "In delays there lies no plenty."[1] Plaintiffs here filed their motions to amend over two years and five months after the alleged acts of racial discrimination by their employer. This time period woefully exceeds the national policy requiring promptness in processing employment discrimination cases.[2]

### C.

Moreover, Plaintiffs have provided no reasons for the delay in the district court or before us. The record shows their cause of action accrued in March 1992, and that they did not file suit against Venture until February 24, 1994. Plaintiffs did not seek leave to amend their complaint until August 31, 1994, after discovery was completed, after Venture filed its motion for summary judgment, after the district court indicated its inclination to grant the summary judgment and after it referred the matter to a magistrate judge. It is apparent that if the court had granted leave to amend at that juncture, Venture would be compelled to incur additional discovery costs, and there would be undue delay and prejudice to the parties and to the court. This is particularly so where Plaintiffs have offered no explanation whatsoever for the delay. Consequently, this court may examine the record and make its own determination that leave to amend was properly denied. We so do.

### IV.

We conclude that the grant of Plaintiffs' motion to amend would result in undue delay

---

1. William Shakespeare, Twelfth Night, II 42.

2. Putting aside the relation back doctrine, we will note that federal civil rights actions are governed by the personal injury statute of limitations in the state where the alleged injury occurred. *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir.1992) (citing *Wilson v. Garcia,* 471 U.S. 261, 279, 105 S.Ct. 1938, 1948–1949, 85 L.Ed.2d 254 (1985)). In this case, the applicable limitations period is Illinois' two-year statute of limitations. 735 ILSC 5/13–202 (1993). Plaintiffs' motion to amend came approximately five months beyond that statute of limitations.

and prejudice. The judgment of the district court is AFFIRMED.