65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tonya S. JONES, a.k.a. Anthony Jones, Plaintiff-Appellant,
v.
Salvador A. GODINEZ, Defendant-Appellee.
 No. 95-1576.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 24, 1995.*
Decided Sept. 5, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Tonya Star Jones, also known as Anthony Jones, filed a complaint under 42 U.S.C. Sec. 1983 against Salvador Godinez, formerly the warden at the Stateville Correctional Center. Jones alleged that he was raped by his cellmate soon after being transferred to Stateville from the Pontiac Correctional Center, where he had been placed in continuous protective custody. A self-defined "drag queen" and "effeminate homosexual," Jones further alleged that his Eighth Amendment rights were violated as a result of being assigned to "the same cell as a general population inmate." Godinez filed a motion for summary judgment, which was granted by the district court. Jones' brief on appeal does not contest the merits of the district court's conclusion; instead Jones argues that decision was premature because he did not have the benefit of discovery or an opportunity to amend his complaint in order to name another defendant. We affirm.
 
 
 2
 Jones' claim that the district court did not allow him sufficient time in which to conduct discovery has no merit. A litigant who believes that he or she needs additional discovery to respond to a motion for summary judgment must file an affidavit under Federal Rule of Civil Procedure 56(f): "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court ... may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Jones never attempted to obtain discovery. Nor did he ask the district court to delay ruling on the motion for summary judgment pending further discovery. "A failure to request a continuance pursuant to Rule 56(f) in order to obtain discovery precludes us from concluding that the district court abused its discretion in ruling on the summary judgment motion." Wallace v. Tilley, 41 F.3d 296, 303 (7th Cir.1994); King v. Cooke, 26 F.3d 720, 726 (7th Cir.1994) ("when a party does not avail himself of relief under Rule 56(f), it is generally not an abuse of discretion for the district court to rule on the motion for summary judgment"), cert. denied, 115 S.Ct. 1373 (1995).
 
 
 3
 We also conclude that the district court did not abuse its discretion in denying Jones' motion for leave to amend his complaint. Sanders v. Venture Stores, Inc., 56 F.3d 771, 773 (7th Cir.1995). Three weeks after he filed a motion for summary judgment, Jones filed a "Motion for Emergency Injunctive Relief and/or First Amended Complaint." In this latter motion, Jones elaborated on the conditions of his current cell area and requested that he be returned to a single-man cell in a separate area of the prison. Jones did not specify how or why he wished to amend his complaint. The district court denied Jones' motion, explaining that "strong deference" must be accorded the "reasoned discretion" of prison officials, that Jones had not shown he had exhausted his administrative remedies, and that Jones had not shown a sufficient likelihood of success on the merits. While we recognize the difficulties encountered by pro se inmate litigants and are mindful of the liberal amendment policy favored by the federal rules, see Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 789 (7th Cir.1995), we conclude that the district court's decision denying Jones leave to amend was not an abuse of its discretion.
 
 
 4
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The appellee filed a notice of intent not to file a brief. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the appellant's brief, and the record, the request for oral argument is denied and the appeal is submitted on the appellant's brief and record