Denise SANDERS, Yolanda Whatley, and Wanda Walker, Plaintiffs,

v.

VENTURE STORES, INC., Defendant.

No. 95 C 3937.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 20, 1995.

Patricia E. Bender, Washington & Bender, Chicago, IL, for plaintiffs.

John S. Schauer, Anthony Barrett Byergo, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

On June 7, 1995, plaintiffs, Denise Sanders, Yolanda Whatley and Wanda Walker, filed a complaint against defendant, Venture Stores, Inc. ("Venture") in the Circuit Court of Cook County. The complaint alleges that Venture breached its contracts with the plaintiffs by terminating their employment. On July 7, 1995, Venture removed the lawsuit to federal court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship.

In February, 1994, the plaintiffs, three African–American women, filed Case No. 94 C 1162 against Venture in this district, alleging

that Venture's termination of their employment was discriminatory on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Venture brought a motion for summary judgment, which Judge Marvin E. Aspen referred to Magistrate Judge Rebecca R. Pallmeyer, asserting that the plaintiffs' claims were time-barred under 42 U.S.C. § 2000e–5(f)(1) (court complaint is to be filed within 90 days after receipt of the Equal Employment Opportunity Commission "right-to-sue" letter). Subsequently, the plaintiffs moved to amend their complaint to add claims, including state law breach of contract claims, and parties. Judge Aspen took the plaintiff's motion to amend under advisement pending the magistrate judge's ruling on Venture's summary judgment motion. Magistrate Judge Pallmeyer then recommended that the motion for summary judgment be granted on the grounds that the plaintiffs' Title VII claims were untimely filed. Judge Aspen accepted the magistrate judge's recommendation, granted Venture's summary judgment motion and denied the plaintiffs' motion to amend their complaint as moot. *See Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 772 (7th Cir.1995). The plaintiffs appealed, arguing that Judge Aspen erred in denying their motion to amend. *Id.* at 773. The Court of Appeals affirmed on the basis that granting the motion to amend would cause "undue delay and prejudice." *Id.* at 775–76.

Venture has filed a motion to dismiss the present complaint in which it contends that Judge Aspen's order dismissing the plaintiffs' earlier case bars this lawsuit under the doctrine of *res judicata.* For the reasons discussed below, Venture's motion is granted.

### Res Judicata

▉ The judgment that Venture argues precludes this action was that of a federal court, and therefore, federal rules of *res judicata* govern. *Havoco of America, Ltd. v. Freeman, Atkins & Coleman,* 58 F.3d 303, 307 n. 7 (7th Cir.1995). For *res judicata* to apply, the following three elements must exist:

(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits.

*Smith v. City of Chicago,* 820 F.2d 916, 917 (7th Cir.1987). It is undisputed that the first and third elements of *res judicata* exist in this case. Indeed, the plaintiffs' earlier complaint against Venture was dismissed for failure to adhere to Title VII's limitations bar expressed in 42 U.S.C. § 2000e–5(f)(1). A dismissal for failure to comply with a statute of limitations is "on the merits" for the purposes of *res judicata. Id.* at 918–919; *American National Bank & Trust Company v. City of Chicago,* 826 F.2d 1547, 1553 (7th Cir.1987), *cert. denied,* 484 U.S. 977, 108 S.Ct. 489, 98 L.Ed.2d 487 (1987). As observed by the Court of Appeals,

[t]hat [a plaintiff] bolixed his opportunity [to receive an adjudication from the court] by starting the suit too late or failing to prosecute it properly does not justify exposing the defendant to another round.

*American National Bank & Trust Company v. City of Chicago, supra,* 826 F.2d at 1553. Accordingly, a final judgment on the merits was rendered in the previous action between the parties to this lawsuit.

▉ The second element of *res judicata,* an identity of causes of action in the earlier and later suits, is satisfied when

a single core of operative facts form[ ] the basis of both lawsuits. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action.

*Prochotsky v. Baker & McKenzie,* 966 F.2d 333, 335 (7th Cir.1992). All claims arising out of an event that causes injury "must be brought in one suit or be lost." *Id.* Both the plaintiffs' breach of contract and Title VII claims arise out of Venture's discharging them from their jobs. The Court of Appeals has held that similar claims constituted one cause of action for the purposes of *res judicata.*

In *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361, 1363 (7th Cir.1988), *cert. denied,* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988), the plaintiff filed a complaint alleging

that his discharge violated the Age Discrimination in Employment Act ("ADEA") and joining pendent state law claims. Shaver's ADEA suit was not timely filed and was dismissed, and the district judge refused to exercise pendent jurisdiction over the remaining state law claims. *Id.* Shaver failed to allege diversity of citizenship, which apparently existed, as a jurisdictional ground for those claims. *Id.* at 1363, 1364 n. 1. Instead, Shaver filed a second lawsuit in state court alleging only state law breach of contract and negligent employment termination claims, which was removed to federal court on the basis of diversity of citizenship. *Id.* The Court found that Shaver's layoff due to the defendant's liquidation of one of its divisions gave rise to both of Shaver's lawsuits, and therefore, the suits were identical causes of action under *res judicata* principles. *Id.* at 1365. Consequently, the Court of Appeals affirmed the district court's dismissal of Shaver's suit. *Id.* at 1368.[1] *See also Brzostowski v. Laidlaw Waste Systems, Inc.,* 49 F.3d 337, 338–39 (7th Cir.1995) (Brzostowski's lawsuit alleging that his discharge violated his employment contract with Laidlaw was dismissed; *res judicata* barred Brzostowski's subsequent suit under the ADEA alleging that Laidlaw unlawfully terminated his employment on the basis of his age because "the firing of Brzostowski by Laidlaw constitutes the nucleus of factual allegations giving rise to both suits.") Likewise, in this case, Venture's discharge of the plaintiffs is the core of operative fact underlying plaintiffs' Title VII and breach of contract claims because resolution of both complaints would depend on whether Venture adhered to its obligations under either the federal statute or the contract when it terminated the plaintiffs' employment. *See id.* at 339. Accordingly, the plaintiffs' Title VII and state law breach of contract claims are identical causes of action for *res judicata* purposes.

Finally, the plaintiffs' motion to amend their original complaint itself states that "the requested amended pleadings arose out of the same conduct, transaction, and occurance [sic] set forth in the original pleading filed in February of 1994." Motion to Amend, ¶ 3. This is noteworthy because the state law breach of contract claims that the plaintiffs wished to add to their first complaint are virtually identical to the claims in the present action.

The plaintiffs here are in a comparable position to the plaintiff in *Shaver,* whose mistake in not alleging in his initial lawsuit diversity of citizenship as the jurisdictional basis for his state claims cost him the ability to litigate those claims. When the plaintiffs brought their Title VII lawsuit, they had the opportunity to present their breach of contract allegations. The plaintiffs lost that opportunity by delaying seeking leave to amend their complaint to add those allegations, *see Sanders v. Venture Stores, Incorporated, supra,* 56 F.3d at 775, and will not now be afforded a second bite at the apple.

### Conclusion

For the reasons stated herein, Venture's motion to dismiss the plaintiffs' complaint is granted.

---

1. In *Shaver,* the fact that the plaintiff had presented the state claims to the district judge, who declined to exercise jurisdiction over them, did not preclude *res judicata.* Thus, the fact that the plaintiffs in this case attempted to raise the present allegations in their prior lawsuit has no bearing on the issues.