**Minerva D. YABA, Plaintiff,**

v.

**CADWALADER, WICKERSHAM & TAFT, Defendant.**

No. 94 Civ. 5718 (JGK).

United States District Court, S.D. New York.

July 19, 1996.

Minerva D. Yaba, Brooklyn, New York, pro se.

Susan Schenkel–Savitt, Douglas Hardy, Winston & Strawn, New York City, for Defendant.

John S. Siffert, Curtis Miner, Lankler Siffert & Wohl, New York City, for Haven Roosevelt.

OPINION AND ORDER

KOELTL, District Judge:

In this action, the plaintiff Minerva D. Yaba has sued her former employer, the law firm Cadwalader, Wickersham and Taft ("Cadwalader"), charging discrimination based on sex and disability. The plaintiff has now moved for leave to amend her complaint pursuant to Fed.R.Civ.P. 15(a) to add additional parties and claims. For the reasons explained below, the motion is denied.

### I.

The plaintiff filed her original complaint on August 4, 1994. In that complaint, the plaintiff sued only Cadwalader and Haven Roosevelt, a senior partner at Cadwalader. The plaintiff's complaint alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101. The plaintiff charged discrimination based on gender, race and disability (Carpal Tunnel Syndrome) by Cadwalader and sexual harassment by Roosevelt.

On September 18, 1995, this Court dismissed the claim against Roosevelt finding that supervisory employees are not liable under Title VII. *See Yaba v. Cadwalader, Wickersham & Taft,* 896 F.Supp. 352 (S.D.N.Y.1995). Thereafter, the Court of Appeals for the Second Circuit held that there was no liability for such employees under Title VII. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995).

Four months after this dismissal, on January 8, 1996, the plaintiff moved to amend her complaint to include new claims and parties in the sixth to eleventh claims. The plaintiff, now appearing pro se after her third successive attorney was granted leave to withdraw as counsel, seeks to add members of Cadwalader's Management Committee as well as past and present employees. Construing the allegations in her amended complaint in the light most favorable to the plaintiff, the plaintiff appears to allege that these parties violated Title VII and the ADA. The plaintiff also seeks to sue Roosevelt again, alleging claims of retaliatory discharge, tortious interference with contract and violations of 42

U.S.C. §§ 1981 and 1983. The plaintiff also alleges "gross negligence" by employees of the firm.

## II.

■ Fed.R.Civ.P. 15(a) provides that leave to amend a pleading shall be "freely given when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Nerney v. Valente & Sons Repair Shop,* 66 F.3d 25, 28 (2d Cir. 1995). Valid reasons for denying leave to amend include undue delay, undue prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, and futility of the amendment. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Mackensworth v. S.S. American Merchant,* 28 F.3d 246, 251 (2d Cir. 1994). Generally, the "grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 773 (7th Cir.1995) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971)). When leave to amend would be futile, that is a sufficient reason to deny the plaintiff leave to amend. *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 55 (2d Cir.1995).

■ Leave to amend in this case should be denied because the new claims are futile. In her sixth, tenth and eleventh claims for relief, plaintiff appears to allege employment discrimination violations against members of Cadwalader's Management Committee as well as past and present employees·of the firm in their individual capacities. In *Tomka v. Seiler Corp.,* the Second Circuit Court of Appeals held that Title VII does not provide remedies against the individual employees responsible for the prohibited conduct. 66 F.3d at 1313. While the seventh claim is asserted only against Roosevelt, it may be construed broadly to apply also against other employees of the firm. Whether construed against Roosevelt alone or other employees as well, it would be barred for the same reasons as the sixth, tenth and eleventh claims. This Court has already dismissed the fourth claim against Roosevelt under Title VII, which is still repeated in the amended complaint. The claim is plainly foreclosed by the decision in *Tomka v. Seiler Corp.* Id. Therefore, to the extent that the plaintiff alleges discrimination by the individual agents of the firm under Title VII, her claims are foreclosed.

■ To the extent her sixth claim for relief seeks to allege violations of the ADA by the Management Committee and other Cadwalader employees, the claims would be futile because the ADA, like Title VII, does not provide for liability by individual employees. *EEOC v. AIC Security Investigations,* 55 F.3d 1276, 1279–81 (7th Cir.1995); *Ryan v. Grae & Rybicki, P.C.,* No. CV–94–3731, 1995 WL 170095, at *2, (E.D.N.Y. March 31, 1995).[1]

■ Plaintiff's ninth claim for relief is asserted only against Roosevelt and seeks to allege violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1981. A violation of 42 U.S.C. § 1983 cannot be asserted against Roosevelt because there is no allegation that there was "state action," or that Roosevelt was a "state actor." *See Dahlberg v. Becker,* 748 F.2d 85, 89 (2d Cir.1984). Because § 1983 does not provide a cause of action against private action, the plaintiff's claim against Roosevelt is futile.

■ To the extent that plaintiff's ninth claim seeks to allege a violation of 42 U.S.C. § 1981 against Roosevelt, it is also futile. Section 1981 protects against racial or ethnic discrimination, nothing else. *Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988). The plaintiff's claim against Roosevelt alleges sexual harassment rather than discrimination on the basis of race. Because she has not alleged racial discrimination, her claim under § 1981 is futile. *See Criales v. American*

---

**1.** Because the plaintiff has no claim against the individual defendants under Title VII and the ADA, there is no occasion to consider whether such a claim would also be barred because she has failed to exhaust her administrative remedies by failing to name those parties in her complaint before the EEOC. *See generally* 42 U.S.C. §§ 2000e–5(e)–(f)(1); *Johnson v. Palma,* 931 F.2d 203, 209–10 (2d Cir.1991); *Poulsen v. City of North Tonawanda,* 811 F.Supp. 884, 891 (W.D.N.Y.1993).

*Airlines,* No. CV–95–1709, 1995 WL 669900, at *4 (E.D.N.Y. November 6, 1995).

The plaintiff's eighth claim for relief, to the extent that it seeks to allege a tortious interference with contract claim against Roosevelt is also futile. The elements of a tortious interference with contract claim under New York law are: i) the existence of a valid contract; ii) a "third party" to the contract which had knowledge of the contract; iii) the third party's intentional and improper procurement of the breach of contract; and iv) damage to the defendant resulting from the breach. *See Finley v. Giacobbe,* 79 F.3d 1285, 1294 (2d Cir.1995). The plaintiff fails to allege such a claim. The plaintiff does not allege that Roosevelt engaged in the alleged sexual harassment with the intent to procure a breach of the plaintiff's contract with Cadwalader. The plaintiff alleges that the sexual harassment occurred in January, 1993, and that she was eventually terminated in January, 1994, after she had filed her charge of discrimination against Cadwalader with the EEOC, and after various persons at the firm—other than Roosevelt—had become increasingly hostile to her. Even construing the allegations in the light most favorable to the plaintiff, she has still failed to allege that Roosevelt intentionally induced the breach of her alleged employment agreement.

To the extent that the plaintiff's sixth claim for relief alleges a state law claim against Cadwalader supervisory employees for their "gross negligence," that claim is barred by the New York Workers' Compensation Law. W.C.L. §§ 11 and 29(6); *O'Rourke v. Long,* 41 N.Y.2d 219, 221–22, 359 N.E.2d 1347, 1350, 391 N.Y.S.2d 553, 556 (1976). Workers' Compensation is the exclusive remedy of an employee who is injured by the negligence or wrong of another in the same employ. W.C.L. § 29(6); *Gagliardi v. Trapp,* —— A.D.2d ——, 633 N.Y.S.2d 387, 388 (2d Dep't.1995); *Heritage v. Van Patten,* 90 A.D.2d 936, 937, 457 N.Y.S.2d 912, 913 (3rd Dep't.1982). Injuries caused by a co-employee's gross negligence fall within that exclusive remedy provision. *Gagliardi,* 633 N.Y.S.2d at 388. The injury occurred within the scope of the employment of the plaintiff

and her co-employees and her claim of gross negligence is barred. *See Knach v. Weiss,* 176 A.D.2d 564, 574 N.Y.S.2d 737 (1st Dep't. 1991). The plaintiff's state law claim of "gross negligence" is futile.

Finally, in the interests of judicial economy, and convenience and fairness, this Court declines to exercise any supplemental jurisdiction over the state law claims even if they were not otherwise futile. A district court can exercise "considerable discretion over what state law claims it will include within its supplemental jurisdiction in a particular case...." *Cushing v. Moore,* 970 F.2d 1103, 1110 (2d Cir.1992). Because there are no viable federal claims against the individual defendants, interests of judicial economy, convenience and fairness argue strongly that the state law claims should not be considered. No substantial judicial resources have been expended on the state law claims against the individual defendants and adjudicating them would only serve to delay the adjudication of the remaining claims against Cadwalader, against whom there is a plain basis for federal jurisdiction. *See Torres v. New York University,* No. 95 Civ. 4106, 1996 WL 15691, at *2 (S.D.N.Y. Jan. 17, 1996) (declining to exercise supplemental jurisdiction over state law claims against individual defendants after dismissing the Title VII claims against them before trial).

### III.

Leave to amend may also be denied because of the undue delay on the part of the plaintiff and resulting prejudice to the defendants. *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990). A party resisting amendment must usually show prejudice or bad faith in addition to undue delay. *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993).

However, the longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.... In determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (i) require the opponent to expend additional resources to conduct discovery and pre-

pare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.... Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.

*Id.* (citations omitted).

Here, the delay was plainly undue. The plaintiff waited almost one and one half years after filing her original complaint to move for leave to amend. She could have added these claims at the time she filed her original suit. In light of the national policy of prompt disposition of discrimination cases, the plaintiff's delay is particularly egregious. *Sanders, et al. v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir.1995). The *Sanders* court explained the importance of hearing testimony in discrimination cases while "precise recollections are keen and not dulled by the undue passage of time." *Id.* In this case, over three years passed between some of the alleged acts and the motion to amend—an even greater period than the period the Court of Appeals for the Seventh Circuit found to be "woefully excessive." *Id.*

Cadwalader argues persuasively that the addition of new parties would further delay this action while a new round of motions to dismiss were decided. And Roosevelt argues that he would now be forced to bring a second motion to dismiss claims that should have been the subject of his original motion. In view of the futility of the plaintiff's claims, however, it is unnecessary to rest denial of leave to amend on undue delay.

### Conclusion

For the foregoing reasons, leave to amend the complaint is denied.

**SO ORDERED.**