132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Armon WALKER, III, Plaintiff-Appellant,
v.
MARION COUNTY SHERIFF'S DEPARTMENT, et al., Defendants-Appellees.
 No. 96-4177.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1997.*
Decided Dec. 11, 1997.
 
 Hons. FAIRCHILD, CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Armon Walker, III appeals the district court's grant of summary judgment in favor of Marion County Sheriff's Department ("MCSD") and the dismissal of twenty-four individual defendants (collectively, the "defendants"). Walker contends that the court erred in dismissing the individually named defendants and his Title VII claim, 42 U.S.C. § 2000(e)-2(a), and in denying his motion to amend his second amended complaint to add a cause of action under 42 U.S.C. § 1983. We affirm.
 
 
 2
 Walker is a black male who was employed as a Marion County police officer between March 17, 1978 and June 23, 1992. During his employment, Walker claims that the defendants disciplined him more sternly than white officers and denied him transfers and promotions that were granted to white officers, including a 1987 refusal to reinstate him on the SWAT team and a 1988 transfer refusal that was granted to a white officer. Grant claims that this disparate treatment forced him to resign from his position. Shortly before resigning, Walker filed a Charge of Discrimination with the Equal Employment Opportunity Commission naming MCSD as the sole defendant. The EEOC dismissed the case in April 1993. On August 5, 1993, Walker filed a complaint in federal district court against thirty-four defendants, including MCSD and the EEOC. The EEOC and numerous individual defendants were dismissed from the case in April 1995. The remaining defendants filed a motion for summary judgment in September 1995, in which they raised the procedural argument that Title VII only permits suits against "employers," as defined by that statute, and does not permit suits against individuals who do not fall within this definition. Four months later, Walker moved to amend his complaint to add a cause of action under 42 U.S.C. § 1983 On November 20, 1996, the district court denied Walker's motion to amend and granted the defendants' motion for summary judgment.
 
 
 3
 Walker argues on appeal that the district court erred in denying his motion to amend. While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be granted "when justice so requires," leave is not granted automatically. Fed.R.Civ.P. 15(a). Indeed, amendment should be rejected where it "would result in undue delay, as well as prejudice to ... [the defendants by] forcing [them] to relitigate the dispute on new bases ... and to incur new rounds of additional and costly discovery, and depriving [them] of the meaningful value of obtaining summary judgment." Sanders v. Venture Stores, Inc., 56 F.3d 771, 774 (7th Cir.1995), cert. denied, 117 S.Ct. 483 (1996); see also Garner v. Kimnear Mfg. Co., 37 F.3d 263, 269-70 (7th Cir.1994). In this case, Walker's motion to amend was filed after the close of discovery and after the filing of the defendants' motion for summary judgment. Permitting the motion would prejudice the defendants because it would force them to litigate on new bases, perhaps necessitate new discovery, and strip them of the value of obtaining summary judgment. Moreover, amendment would unduly delay the progress of the case. In any event, as will be seen, Walker has failed to demonstrate discriminatory conduct on the part of the defendants and therefore cannot sustain a jury verdict that the defendants deprived him of any of the rights, privileges or immunities secured by the Constitution or the laws of the United States.
 
 
 4
 Walker next contends that the district court erroneously granted summary judgment on his Title VII claim Reviewing the motion for summary judgment de novo, Rabinovitz v. Pena, 89 F.3d 482, 486 (7th Cir.1996), we find no error in the district court's decision The essence of Walker's complaint is that MCSD repeatedly disciplined, harassed and discriminated against him because he is black. The district court assumed the existence of a prima facie case, which would shift the burden of production to MCSD to state legitimate, non-discriminatory reasons for the actions it took against Walker. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993); McDonell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). MCSD readily satisfied this burden because Walker's work record is filled with violations of MCSD's code of Rules and Regulations, including his repeated failure to report to work on time, submit timely work reports, stay awake while on duty, and follow the orders of his superior officers Walker even admits in his reply brief that his work record "is rife with violations."
 
 
 5
 Once MCSD stated that Walker was disciplined for legitimate, non-discriminatory reasons, it was incumbent upon Walker to show that MCSD's actions were undertaken for reasons other than those claimed. Rabinovitz, 89 F.3d at 487. A plaintiff can establish pretext directly by showing "that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered reason is unworthy of credence." Billups v. Methodist Hosp. of Chicago, 922 F.2d 1300, 1303 (7th Cir.1991) (citations omitted); see also Kaniff v. Allstate Insurance Co., 121 F.3d 258, 263 (7th Cir.1997). This Walker was unable to do. While he repeatedly asserts that white officers were not reprimanded for being late or for failing to fill out reports, he provides no evidence supporting an inference of discrimination. Rather his allegations are based on what he believes or feels to be the case but are not based on personal knowledge. See Uhl v. Zalk Josephs Fabricators, Inc., 121 F.3d 1133, 1137 (7th cir.1997) ("Facts, not an employee's perceptions and feelings, are required to support a discrimination claim."); Hedberg v. Indiana Bell Tel. Co., Inc., 47 F.3d 928, 931-32 (7th Cir.1995) ("[s]peculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."). Accordingly, Walker has failed to carry his burden of proving that MCSD was motivated by reasons other than Walker's own poor work ethic.[1]
 
 
 6
 Walker also contends that the district court erred in dismissing from his Title VII claim all the defendants except for MCSD on the grounds that only MCSD, as an "employer," is a proper defendant. Walker argues that the individual defendants, as agents of MCSD, also fall within the definition of a Title VII "employer." An "employer," as defined by Title VII, is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year, and any agent of such person ...." 42 U S.C. § 2000e-2(a) (emphasis added). As we stated in U.S. Equal Employment Opportunity Comm'n v. AIC Security Investigations, Ltd., 55 F 3d 1276, 1282 (7th Cir.1995), within the context of the Americans with Disabilities Act, the "and any agent" language was meant "to ensure that courts would impose respondeat superior liability upon employers for the acts of their agents," and was not meant to impose liability on individuals. Id. at 1281. This rationale applies equally in Title VII cases. Id. Thus, because the "and any agent" language is simply a way to express the concept "that discriminatory personnel actions taken by an employer's agent may create liability for the employer," Walker is precluded from suing under Title VII the individual defendants named in his suit. Smith v. Metropolitan Sch. Dist. Perry Township, 1997 WL 656772, * 9 (7th Cir.1997).
 
 
 7
 Moreover, as the district court pointed out Walker did not name the individual defendants in his EEOC claim, only MCSD. "Ordinarily, a party not named in an EEOC charge may not be sued under Title VII." Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir.1989); 42 U.S.C. § 2000e-5. The purpose of this rule is to notify the charged party of the allegations against it and to provide the EEOC with an opportunity for conciliation. Schnellbaecher, 887 F.2d at 126.
 
 
 8
 Finally, Walker maintains that the district court erred in finding no evidence of a constructive discharge, To succeed under a constructive discharge theory of discrimination, Walker needs to show that MCSD made his "working conditions so intolerable that [he][was] forced into an involuntary resignation." Saxton v. American Tel. & Tel. Co. 10 F.3d 526, 536 (7th Cir.1993). The working conditions must be intolerable, to a reasonable employee, in a way that is discriminatory. Rabinovitz, 89 F.3d at 489. Here, nothing in the record proves that MCSD treated Walker in a discriminatory and intolerable fashion, resulting in resignation. There is no evidence, for instance, to support Walker's allegations that MCSD engaged in a conspiracy with Walker's co-workers to drive him from the police department, or that MCSD improperly placed him on probation simply as a way to deprive him, a black man, of his work. To the contrary, the evidence merely indicates that Walker decided to resign from his job after being subjected to disciplinary actions taken as a result of his infraction of MCSD rules and regulations. Resignation, without evidence of discrimination, simply is not tantamount to a constructive discharge.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App P.34(a); Cir. R. 34(f)
 
 
 [1]
 Walker also argues that racial jokes and remarks made in 1987 by one of his SWAT team supervisors, James Wampler, evidenced racial animus that fueled MCSD's decision not to reinstate Walker on the SWAT team. As noted by the district court, however, there is no evidence that Wampler had any impact on the decision to deny Walker reinstatement. Moreover, the alleged comments were made more than 300 days before the filing of Walker's EEOC charge and thus are time-barred unless they can be considered part of an ongoing violation. Since the comments appear to be isolated occurrences, we agree that they are not reasonably related to the events alleged in the complaint and, therefore, are not part of an ongoing violation. Koelsch v. Beltone Electronics Corp., 46 F.3d 705, 707 (7th Cir.1995), Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994)