165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Loretta KLUMP, Plaintiff-Appellant,
v.
J. David DUFFUS, et al., Defendants-Appellees.
 No. 98-1600.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1998[1].
Decided Oct. 1, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 90 C 3772. Paul E. Riley, Sr., Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. HARLINGTON WOOD, Jr., Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 The facts of this case are contained in our prior opinion reported in 71 F.3d 1368 (1995). There we reversed a $474,000 judgment for plaintiff. We remanded the case for a new trial because the district court had refused to permit the introduction of evidence regarding the ability to pay by the negligent driver, Curt Eaves, the original tortfeasor, as an element of Klump's malpractice claim. 71 F.3d, at 1374. Illinois law requires a plaintiff in an action for legal malpractice to show the amount of the tortfeasor's assets available to satisfy liability. After the introduction of such evidence at the new trial, plaintiff was allowed to recover only $50,000 because Eaves had no assets beyond that amount.
 
 
 2
 In her present appeal plaintiff claims that our prior decision in Klump v. Duffus, 71 F.3d 1368 (7th Cir.1995), is in conflict with the subsequent case of Bloom v. Wiseman, Shaikewitz, et al., 279 Ill.App.3d 469, 216 Ill.Dec. 197, 664 N.E.2d 1125 (1996). However, Bloom is not inconsistent with our prior decision. Moreover, plaintiff's claim for damages for the loss of use of money caused by defendant law firm's malpractice is essentially a claim for prejudgment interest, which Illinois does not allow in malpractice suits.
 
 
 3
 Plaintiff also appeals the district court's denial of her motion to amend the complaint. If plaintiff did make a motion to amend her complaint,[2] the district court did not abuse its discretion in denying that motion because it was made more than seven years after the complaint was filed and after the district court indicated it was granting defendants' motion for judgment on the pleadings. See Sanders v. Venture Stores, Inc., 56 F.3d 771, 774-775 (7th Cir.1995).
 
 
 4
 Judgment affirmed.
 
 
 
 [1]
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 Defendants deny that such a motion was made