**Richard MARSHALL, Plaintiff–Appellant,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant–Appellee.**

No. 99–6732.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2000.

Before DAUGHTREY and MOORE, Circuit Judges; CLELAND, District Judge.*

*ORDER*

Richard Marshall, proceeding pro se, appeals a district court judgment dismissing his employment discrimination suit filed pursuant to 42 U.S.C. § 1981, as well as

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by. designation.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 et seq., and the Tennessee Human Rights Act ("THRA"), Tenn.Code Ann. § 4–21–101 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 14, 1998, Marshall filed suit against his employer, Federal Express, for discriminating against him because he is an African–American. During the time period in question, Marshall worked as a Security Specialist for Federal Express at the O'Hare Airport in Chicago. Marshall asserted that Federal Express: 1) denied him "LEAP" management training; 2) failed to promote him to Senior Security Specialist Grade 26; 3) disparately treated him by requiring him to perform data entry work; 4) subjected him to a hostile work environment; and 5) retaliated against him after he filed an EEOC charge. Federal Express filed a motion for summary judgment, but Marshall did not file a response. Hence, the district court granted summary judgment in favor of Federal Express.

In his timely appeal, Marshall reasserts all of his claims. He requests the appointment of counsel.

Initially, we note that the same evidentiary framework applies to § 1981 claims as to those brought under Title VII. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992). We will review the first and third claims solely under § 1981 because Marshall did not exhaust his Title VII remedies for these claims. *See EEOC v. Bailey Co., Inc.*, 563 F.2d 439, 446 (6th Cir.1977). We further note that only events occurring 300 days before Marshall filed his EEOC charge will be considered for purposes of Title VII, *see* 42 U.S.C. § 2000e–5(e), but that events occurring two years before the filing of the complaint will be considered under 42 U.S.C. § 1981. Marshall's cause of action arose in Illinois, and thus Illinois's two-year statute of limitations applies to the § 1981 claims. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 n. 2 (7th Cir.1995); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968).

■ Upon review, we conclude that the district court properly granted summary judgment to the defendant. *See* Fed. R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995). Marshall failed to state a claim as to the first three claims because he did not show that any similarly-situated person outside of his protected class was treated better. *See Mitchell*, 964 F.2d at 582–83; *Davis v. Monsanto Chem. Co.*, 858 F.2d 345, 347 (6th Cir.1988). Although he provided the names of some individuals who had received training or had been promoted, he did not establish that they had all dealt with the same supervisor, had sufficiently similar duties and responsibilities, and had been subject to the same standards governing performance and discipline. *See Mazzella v. RCA Global Communications*, 642 F.Supp. 1531, 1547 (S.D.N.Y.1986), *aff'd*, 814 F.2d 653 (2d Cir. 1987). Marshall furthermore did not show that the defendant's articulated reasons for denying him training and a promotion were pretextual. *See Mitchell*, 964 F.2d at 584. As to the third claim, he conceded at his deposition that the security specialists who were not members of his protected class also had to perform data entry work.

■ Marshall's fourth claim lacks merit. The alleged acts of harassment were isolated incidents spread out over a four-year period and thus were not so severe and pervasive that a reasonable person would find the environment to be objectively hostile. *See Jackson v. Quanex Corp.*, 191

F.3d 647, 658 (6th Cir.1999). He did not contend that any of the incidents interfered with his work performance, and Federal Express responded promptly to the few incidents he reported. *See id.* at 658–59.

Marshall's fifth claim fails because he did not establish a causal connection between an earlier EEOC charge in 1997 and the alleged retaliation, i.e., the denial of promotion and the hostile work environment. *See Canitia v. Yellow Freight Sys.*, 903 F.2d 1064, 1066 (6th Cir.1990).

Finally, Marshall failed to state a claim under the THRA because he did not allege that any act occurred in Tennessee, and the THRA explicitly limits its authority to individuals within the state. *See* Tenn. Code Ann. § 4–21–101(3).

■ We deny Marshall's request for appointed counsel. The appointment of counsel in a civil case is not a constitutional right, but a privilege granted only in exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). No exceptional circumstances exist in this case.

Accordingly, the request for appointment of counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.