Craig WINOKUR, Plaintiff,

v.

**OFFICE OF COURT ADMIN-
ISTRATION, David Jano-
sek, Defendants.**

No. CV–99–2518(ADS).

United States District Court,
E.D. New York.

March 14, 2002.

Leeds, Morelli & Brown, P.C., Carle Place, NY (Fredric Ostrove, and Steven Friedman, of Counsel), Attorneys for Plaintiff.

Michael Colodner, New York City (Lisa Evans, Assistant Deputy Counsel, Pedro Morales, and John Eiseman, of Counsel), Attorney for Defendants.

Office of the Attorney General of the State of New York, by Lee Adlerstein, Assistant Attorney General, New York City, Attorneys for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case again raises the interesting issue of whether an employee of a state public entity may bring an employment discrimination claim against the state entity. This action arises out of claims by Craig Winokur ("Winokur" or the "plaintiff") against the Office of Court Administration ("OCA") and David Janosek ("Janosek"). The plaintiff alleges that OCA and Janosek failed to make reasonable accommodations for his disability, namely ulcerative colitis, and wrongfully terminated him because of his disability. The plaintiff alleges further that the actions of OCA and Janosek violated the Americans with Disabilities Act (the "ADA") 42 U.S.C. §§ 12101—12213, 42 U.S.C. § 1983 ("Section 1983") and the New York State Human Rights Law (the "NYSHRL") New York Executive Law § 290 et seq. Presently before the Court is a motion by OCA and Janosek for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)").

## I. BACKGROUND

The following facts are taken from the complaint. The plaintiff was employed as a court officer with the Nassau County Family Court (the "Family Court") for twelve years. OCA is an agency of the State of New York and an employer under the ADA and the NYSHRL. Janosek was the supervisor of the plaintiff at the Family Court.

The supervisors of the plaintiff gave him excellent evaluations over the course of his employment with the Family Court. During his tenure with the Family Court, the plaintiff was diagnosed with ulcerative colitis (the alleged disability), which, he asserts, substantially limits his major life activities. The condition of ulcerative colitis made it extremely difficult for the plaintiff to arrive at work on time every morning.

The complaint further alleges that OCA refused to accommodate the disability of the plaintiff. In particular, OCA did not excuse his occasional lateness although most of the tardiness involved no more than fifteen minutes. The occasional tardiness was not a hardship to OCA because two court officers were in most of the courtrooms during the day. In addition, OCA refused to accommodate the request of the plaintiff for a line-share agreement, which would permit the plaintiff to work two to three days a week. The plaintiff alleges that such an accommodation would have reduced his stress, which in turn would have alleviated the symptoms of his disability and allowed him to arrive at work on time.

In an attempt to terminate him due to his disability, the plaintiff alleges that OCA harassed him with charges of tardiness and petty infractions for things commonly committed by other court officers. As to these petty infractions, OCA charged the plaintiff with writing in a journal while seated in the back of a courtroom even though court was not in session. OCA also charged the plaintiff with failing to lock a courtroom. Although the plaintiff was charged with these petty infractions, he asserts that other court officers were not accused of such similar infractions.

OCA also gave the plaintiff an overall rating of one, which was completely inconsistent with his previous high marks in all the categories of his evaluations. In this regard, he alleges that at least two judges have stated that the plaintiff was a good worker and got the job done. The complaint alleges that Janosek was one of the moving forces behind the wrongful termination of the plaintiff in that he caused the

plaintiff to be disciplined and charged with such petty infractions.

On May 3, 1999, the plaintiff commenced this action. The complaint pleads three causes of action: (1) theories of liability under the ADA, 42 U.S.C. §§ 12101–12213; (2) theories of liability under Section 1983; and (3) theories of liability under the NYSHRL. Presently before the Court is a motion by OCA and Janosek for judgment on the pleadings pursuant to Rule 12(c). OCA and Janosek raise the following arguments: (1) the ADA claim is barred by the Eleventh Amendment of the United States Constitution; (2) the claim under Section 1983 fails to state a claim upon which relief can be granted because the alleged violation of the ADA cannot be asserted in federal court and, alternatively, OCA and Janosek are not "persons" under Section 1983; and (3) in the absence of subject matter jurisdiction over the federal claims, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

## II. DISCUSSION

### A. Subject Matter Jurisdiction

#### 1. Standard

Although OCA and Janosek bring this motion under Rule 12(c), they contend that this Court lacks subject matter jurisdiction to hear the claims under the ADA and Section 1983 on the grounds that they are barred by the Eleventh Amendment. A motion challenging subject matter jurisdiction is properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)"). The Court will address the issue of jurisdiction before deciding the merits of the motion under Rule 12(c). *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir.1990) (stating a motion challenging subject matter jurisdiction should

be considered before deciding a motion to dismiss for failure to state a claim upon which relief can be granted).

When considering a Rule 12(b)(1) motion, the court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir.1976). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in affidavits may not be considered. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986).

With his memorandum of law in opposition to the motion for judgment on the pleadings, the plaintiff submits an affidavit executed on May 11, 2001 (the "Plaintiff's Affidavit") detailing specific acts of discrimination allegedly committed by Janosek during the course of the plaintiff's employment with the Family Court. The Court may consider the non-hearsay statements in the Plaintiff's Affidavit to the extent they are relevant on the issue of subject matter jurisdiction in this matter.

#### 2. The Eleventh Amendment

The Eleventh Amendment provides that: The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or

by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. A State is thus immune from suits in federal court brought by its own citizens, *see Bd. of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 961, 148 L.Ed.2d 866 (2001), and such immunity extends to officers acting on behalf of the State. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–47, 113 S.Ct. 684, 687–89, 121 L.Ed.2d 605 (1993).

There are only three exceptions to this general rule. First, a State may waive its Eleventh Amendment defense. *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 2223, 144 L.Ed.2d 605 (1999) (citing *Clark v. Barnard*, 108 U.S. 436, 447–48, 2 S.Ct. 878, 27 L.Ed. 780 (1883)). Second, Congress may abrogate the sovereign immunity of the States by acting pursuant to a grant of constitutional authority. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80, 120 S.Ct. 631, 644, 145 L.Ed.2d 522 (2000). Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a "suit against a state official when that suit seeks ... prospective injunctive relief." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 1132, 134 L.Ed.2d 252 (1996). With this background in mind, the Court now analyzes the issue of subject matter jurisdiction.

### 3. As to the ADA and OCA

#### a. Title I of the ADA

■ Title I of the ADA ("Title I") contains a general prohibition of discrimination against qualified individuals with disabilities in matters of job application, hiring, advancement, discharge, compensation, training and any other terms and conditions of employment. 42 U.S.C. § 12112(a). Title I applies to the States.

*Garrett*, 531 U.S. at 374, 121 S.Ct. at 968.

The Supreme Court has held that a claim brought under Title I of the ADA against States for monetary damages is barred by the Eleventh Amendment. *Garrett*, 531 U.S. at 360, 121 S.Ct. at 960. In his complaint, the plaintiff seeks monetary damages from OCA. Accordingly, under *Garrett*, the Eleventh Amendment bars the Title I claim against OCA.

#### b. Title II of the ADA

Title II of the ADA ("Title II") protects an individual with a disability from discrimination by the government. In particular, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, *or be subjected to discrimination by any such entity*." 42 U.S.C. § 12132 (emphasis added). A public entity includes "(A) any State or local government; [and] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government...." 42 U.S.C. § 12131(1). Because OCA is the administrative agency of the Judicial Branch of New York State, it is a public entity.

■ A qualified individual with a disability means "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The plaintiff has alleged that his condition of ulcerative colitis substantially limits his major

life activities. Accordingly, the complaint sufficiently alleges that the plaintiff is a qualified individual with a disability.

■ The next issue is whether an employee of a public entity may bring an employment discrimination claim under Title II. Apparently, the Second Circuit has not yet resolved this issue. However, district courts in this circuit have concluded that such a claim is permitted under Title II. *Simms v. City of New York,* 160 F.Supp.2d 398, 400 n. 1 (E.D.N.Y.2001) (finding that Title II prohibits employment discrimination on the basis of a disability by a public entity); *Rome v. MTA/New York City Transit,* 1997 WL 1048908, *5 (E.D.N.Y. Nov.18, 1997) (finding that Title II prohibits employment discrimination on the basis of disability by public entities); *Graboski v. Giuliani,* 937 F.Supp. 258, 269 (S.D.N.Y.1996) ("Title I and Title II analysis coalesce in employment discrimination matters.").

Moreover, other circuits have concluded that Title II permits an employment discrimination claim against a public entity. *Bledsoe v. Palm Beach County Soil and Water Conservation Dist.,* 133 F.3d 816, 820 (11th Cir.1998), *cert. denied,* 525 U.S. 826, 119 S.Ct. 72, 142 L.Ed.2d 57 (1998); *Doe v. Univ. of Md. Med. Sys. Corp.,* 50 F.3d 1261, 1264–65 (4th Cir.1995). *But see Zimmerman v. Oregon Dep't of Justice,* 170 F.3d 1169, 1173 (9th Cir.1999) (finding that Title II was not applicable in the employment context).

Furthermore, Second Circuit precedent suggests that it would support the interpretation that an employee of a public entity may bring an employment discrimination claim under Title II. *See Innovative Health Sys., Inc. v. City of White Plains,* 117 F.3d 37, 44–45 (2d Cir.1997) ("[T]he language of Title II's antidiscrimination provision does not limit [its] coverage to conduct that occurs in the 'programs, services, or activities' of [a public entity]. Rather, it is a catch-all phrase that prohibits all discrimination by a public entity, regardless of the context....").

In addition, the legislative history of the ADA also reveals that Congress intended Title II to apply to employment discrimination by States and local agencies. *See* H.R.Rep. No. 101–485(III), at 50 (1990), *reprinted in* 1990 U.S.C.C.A.N. 445, 473. Finally, the regulations promulgated by the Department of Justice suggest that a plaintiff may bring an employment discrimination suit against a state agency under Title II. *See* 28 C.F.R. § 35.140(b)(1). Accordingly, the Court finds that the plaintiff may bring his claim for employment discrimination against OCA under Title II of the ADA.

■ Although the Supreme Court stated in *Garrett* that claims brought under Title I of the ADA against States for monetary damages are barred by the Eleventh Amendment, it left the question open of whether monetary damages are permitted under Title II. Post-*Garrett,* the Second Circuit has stated that an action for monetary damages under Title II is permitted under certain circumstances. In particular, "a private suit for money damages under Title II of the ADA may only be maintained against a state if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability...." *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn,* 280 F.3d 98, 112 (2d Cir.2001). Accordingly, the Court concludes that the Eleventh Amendment does not bar the plaintiff's claim for monetary damages against OCA based upon Title II of the ADA.

### 4. As to the ADA and Janosek

■ Janosek may not be held personally liable for the alleged violations under the

ADA. *See Menes v. CUNY Univ. of New York,* 92 F.Supp.2d 294, 306 (S.D.N.Y. 2000); *see also Sutherland v. New York State Dep't of Law,* 1999 WL 314186, at *7 (S.D.N.Y. May 19, 1999) ("Individual defendants may not be held personally liable for alleged violations of the ADA ....") (citations omitted); *Harrison v. Indosuez,* 6 F.Supp.2d 224, 229 (S.D.N.Y.1998); *Cerrato v. Durham,* 941 F.Supp. 388, 395 (S.D.N.Y.1996); *Yaba v. Cadwalader, Wickersham & Taft,* 931 F.Supp. 271, 274 (S.D.N.Y.1996). In addition, Second Circuit precedent involving individual liability under Title VII of the Civil Rights Act of 1964 supports the conclusion that an individual may not be held liable in her or his personal capacity under the ADA. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1321 (2d Cir.1995) (holding that individual defendants may not be held liable for violations under Title VII); *See also Cerrato,* 941 F.Supp. at 395 ("The Second Circuit's reasoning in *Tomka* is equally applicable to the question of individual liability under the ADA as well.").

Furthermore, Janosek may not be held liable in his official capacity under the ADA. *See Lane v. Maryhaven Ctr. of Hope,* 944 F.Supp. 158, 162–63 (E.D.N.Y. 1996) (stating that individuals, named in their official or representative capacities as defendants, may not be held liable under the ADA); *Sutherland,* 1999 WL 314186, at *7 (citations omitted). Accordingly, the claims under Title I and Title II of the ADA against Janosek in both his individual and official capacities are dismissed.

### 5. As to Section 1983 and OCA

■ The Second Circuit has stated that the Eleventh Amendment bars a Section 1983 action against the State. *See Dube v. State Univ. of New York,* 900 F.2d 587, 594–95 (2d Cir.1990) (holding that the Eleventh Amendment precludes an action

under Section 1983 against SUNY, an integral part of the State of New York); *see also Garcia v. S.U.N.Y. Health Sci. Ctr. at Brooklyn,* No. 97–4189, 2000 WL 1469551, at *4 (E.D.N.Y. Aug.21, 2000) (dismissing Section 1983 claim against state agent under the Eleventh Amendment). Here, no evidence exists that OCA waived its immunity under the Eleventh Amendment. Accordingly, the Section 1983 claim against OCA is dismissed.

### 6. As to Section 1983 and Janosek

■ Just as the Eleventh Amendment bars a Section 1983 action against the State, it bars the action against a state employee sued in her or his official capacity. *Berman Enter., Inc. v. Jorling,* 3 F.3d 602, 606 (2d Cir.1993) ("To the extent that the suit [Section 1983] sought damages from defendants in their official capacities, dismissal under the eleventh amendment was proper because a suit against a state official in his official capacity is, in effect, a suit against the state itself, which is barred."). Accordingly, the claim under Section 1983 against Janosek in his official capacity is dismissed.

■ However, the Eleventh Amendment does not provide immunity to a state official sued in her or his personal capacity. *Dube,* 900 F.2d at 596 (stating that the Eleventh Amendment does not immunize state officials sued in their personal capacities); *see also Farid v. Smith,* 850 F.2d 917, 920–23 (2d Cir.1988). Accordingly, the Court has jurisdiction over the claim under Section 1983 against Janosek in his personal capacity.

### 7. As to the State Law Claim

■ It is well settled that "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Raygor v. Regents of the Univ. of Minn.,*

—— U.S. ——, 122 S.Ct. 999, 1004, —— L.Ed.2d —— (2002) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 120, 104 S.Ct. 900, 918, 79 L.Ed.2d 67 (1984)). The Eleventh Amendment is an "'explicit limitation on federal jurisdiction.'" *Id.*

■ For this Court to have the power to adjudicate the state law claim in the complaint, namely the NYSHRL, either an express waiver by the State or a congressional abrogation of the Eleventh Amendment must exist. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). This Court finds neither.

■ Supplemental jurisdiction under 28 U.S.C. § 1367(a) does not constitute a congressional abrogation of the Eleventh Amendment granting district courts the power to adjudicate pendent state law claims. *Raygor,* 122 S.Ct. at 1004–05 (holding that Section 1367(a) does not contain a clear statement of a congressional intent to abrogate state sovereign immunity). In addition, the plaintiff does not refer to any congressional statute that intends to abrogate the immunity of New York State with respect to the NYSHRL and this Court has found no such law.

Moreover, district courts in the Second Circuit has consistently found that the NYSHRL does not include a waiver of the State's sovereign immunity to suit in federal court. *Lambert v. New York State Office of Mental Health,* 97–1347, 2000 WL 574193, at *7 (E.D.N.Y. Apr.24, 2000); *Cassells v. Univ. Hosp. at Stony Brook,* 740 F.Supp. 143, 147–48 (E.D.N.Y.1990); *accord, e.g., Harris v. Long Island Dev. Ctr.,* 1994 WL 445625, at *4 n. 6 (S.D.N.Y. Aug.17, 1994); *Arroyo v. New York State Ins. Dep't,* 1993 WL 248210 (S.D.N.Y. June 30, 1993); *Moche v. City Univ. of New York,* 781 F.Supp. 160, 165 (E.D.N.Y. 1992), *aff'd,* 999 F.2d 538 (2d Cir.1993).

Furthermore, the Second Circuit has stated that "pendent jurisdiction should not be exercised merely because 'the exercise of such judicial power is desirable or expedient.'" *Young v. New York City Transit Auth.,* 903 F.2d 146, 164 (2d Cir. 1990) (citations omitted). Accordingly, the claim under the NYSHRL is dismissed.

**B. Judgment on the Pleadings**

**1. Standard**

The standard of review on a motion for judgment on the pleadings under Rule 12(c) is whether "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers of Am.,* 47 F.3d 14, 16 (2d Cir.1995). This standard is the same as that applicable to a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *Nat'l Ass'n of Pharm. Mfrs. v. Ayerst Lab.,* 850 F.2d 904, 909 n. 2 (2d Cir.1988).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The Court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir. 1999); *Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the

claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995).

### 2. Materials Presented Outside the Pleadings

The Second Circuit has stated that:

Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material. *See* Fed. R.Civ.P. 12(b).

*Fonte v. Bd. of Managers of Cont'l Towers Condo.,* 848 F.2d 24, 25 (2d Cir.1988). The Second Circuit has strictly enforced "the conversion requirement of Rule 12(b)(6) where there is a legitimate possibility that the district court relied on inappropriate material in granting the motion." *Amaker v. Weiner,* 179 F.3d 48, 50 (2d Cir.1999). The purpose is to ensure that "courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that plaintiffs are given a fair chance to contest defendants' evidentiary assertions . . . ." *Id.*

In a motion to dismiss under Rule 12(b)(6), the Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999).

 The Plaintiff's Affidavit submitted with his memorandum of law in opposition to the motion for judgment on the pleadings details the specific acts of discrimination allegedly committed by Jano-

sek during the course of the plaintiff's employment. The Court declines to convert the motion for judgment on the pleadings to one for summary judgment but rather decides the motion on the complaint. Therefore, the Court declines to consider the affidavit submitted by the plaintiff.

### 3. As to the ADA Title II Claim

This Court has jurisdiction over the plaintiff's claim against OCA under Title II of the ADA. *See supra* Part II.A.3 for the jurisdictional analysis of the ADA claims. In its motion to dismiss, OCA only challenges the jurisdiction of this Court over the ADA claims but does not attack the factual sufficiency of the ADA claims under Rule 12(c). Accordingly, for the purposes of this motion, the Court need not analyze the Title II claim to determine whether it states a claim upon which relief can be granted.

However, even assuming that the plaintiff moved to dismiss the Title II claim for failure to state a claim upon which relief can be granted, the Court finds that the plaintiff has met his burden under the pleading requirements. As previously noted, the Second Circuit has stated that "a private suit for money damages under Title II of the ADA may only be maintained against a state if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability . . . ." *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn,* 280 F.3d 98, 112 (2d Cir.2001).

"To establish discriminatory animus, . . . a plaintiff may rely on the burden-shifting technique similar to that adopted in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, or a motivating-factor analysis similar to that set out in *Price Waterhouse v. Hopkins*

[490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)]." *Id.* (internal citations omitted). In a seminal pleading case, the Supreme Court has recently stated that "an employment discrimination complaint need not include such facts [under the *McDonnell Douglas* framework] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema,* —— U.S. ——, 122 S.Ct. 992, —— L.Ed.2d —— (2002).

 The complaint alleges that OCA treated the plaintiff differently than other court officers because of his disability. In particular, the complaint alleges that OCA charged him and not other court officers with petty infractions, such as writing in a journal while seated in the back of a courtroom even though court was not in session and failing to lock a courtroom. The complaint also specifies that these acts violated the ADA. Finally, the complaint alleges that the plaintiff was terminated because of his disability. These allegations give OCA fair notice of the plaintiff's claims and the grounds upon which they rest. Accordingly, the Court finds that the plaintiff has stated a claim upon which relief can be granted under Title II of the ADA.

#### 4. As to the Section 1983 Claim

 This Court has subject matter jurisdiction over the claim under Section 1983 against Janosek in his personal capacity. *See supra* Part II.A.4.b. The Court now turns to the merits of this claim. Section 1983 provides in pertinent part:

> Every person who, under color [of state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 has three essential elements: (1) a person; (2) acting under color of state law; and (2) infringement upon a plaintiff's constitutional or federal statutory rights. *Eagleston v. Guido,* 41 F.3d 865, 872 (2d Cir.1994). The plaintiff asserts that Janosek, acting under color of state law, violated his constitutional right to Equal Protection.

The first element is met because Janosek qualifies as a person under Section 1983 because he was sued in his personal capacity. *See Hafer v. Melo,* 502 U.S. 21, 27, 112 S.Ct. 358, 363, 116 L.Ed.2d 301 (1991) (holding that state officers "sued in their personal capacity ... fit comfortably within the statutory term 'person.'"). The second element is also met because Janosek was a supervisor for OCA in the Family Court and thus acted under color of state law. *See Annis v. County of Westchester,* 36 F.3d 251, 253–55 (2d Cir.1994).

With regard to the third element, the right to equal protection under the Fourteenth Amendment is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); *Disabled Am. Veterans v. United States Dep't of Veterans Affairs,* 962 F.2d 136, 141 (2d Cir.1992).

To establish an Equal Protection violation, the plaintiff must show purposeful discrimination directed to an identifiable class. *Giano v. Senkowski,* 54 F.3d 1050, 1057 (2d Cir.1995). Even if no suspect class or identifiable right is implicated, an Equal Protection violation may be found based upon "arbitrary and irrational discrimination" or an allegation of selective treatment in terms of public employment where it is shown that such treatment was

motivated by an intention to discriminate based upon impermissible considerations, such as race or by a malicious or bad faith intent to injure the person. *See Muller v. Costello,* 187 F.3d 298, 309 (2d Cir.1999); *Quinn v. Nassau County Police Dep't,* 53 F.Supp.2d 347, 355 (E.D.N.Y.1999).

The plaintiff concedes that he does not fall within a suspect class but argues that he was treated differently than other court officers and such selective treatment was motivated by an intention to discriminate or by malicious or bad faith intent. The complaint alleges that Janosek was the supervisor of the plaintiff at the Family Court and was one of the moving forces behind the wrongful termination of the plaintiff because he caused the plaintiff to be disciplined and charged with petty infractions which ultimately led to his termination. Moreover, the complaint details how the plaintiff was treated differently than other court officers because of his disability.

The Court finds that the allegations in the complaint are sufficient to allege that the plaintiff was treated differently than other court officers and that this treatment was motivated by an intention to discriminate. In assessing the sufficiency of the complaint, more is not needed. *See Swierkiewicz,* 122 S.Ct. 992 (stating that in a discrimination case the complaint need only include a short and plain statement of the claim showing the pleader is entitled to relief). Accordingly, the plaintiff has sufficiently alleged a claim for relief under Section 1983 and thus Janosek's motion to dismiss is denied.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion of OCA and Janosek to dismiss the claim based upon Title I of the ADA for lack of subject matter jurisdiction is **GRANTED;** and it is further

**ORDERED,** that the motion of OCA to dismiss the claim based upon Title II of the ADA for lack of subject matter jurisdiction is **DENIED;** and it is further

**ORDERED,** that the motion of Janosek to dismiss the claim based upon Title II of the ADA for lack of subject matter jurisdiction is **GRANTED;** and it is further

**ORDERED,** that the motion of OCA to dismiss the claim under Section 1983 for lack of subject matter jurisdiction is **GRANTED;** and it is further

**ORDERED,** that the motion of Janosek to dismiss the claim under Section 1983 against him in his official capacity for lack of subject matter jurisdiction is **GRANTED;** and it is further

**ORDERED,** that the motion of Janosek to dismiss the claim under Section 1983 against him in his personal capacity for lack of subject matter jurisdiction is **DENIED;** and it is further

**ORDERED,** that the motion of OCA and Janosek to dismiss the claim under the NYSHRL for lack of subject matter jurisdiction is **GRANTED;** and it is further

**ORDERED,** that the motion of Janosek to dismiss the claim under Section 1983 against him in his personal capacity for failure to state a claim upon which relief can be granted is **DENIED.**

**SO ORDERED.**