Jane A. FOX, Plaintiff,

v.

STATE UNIVERSITY OF NEW YORK, State University of New York at Stony Brook, John R. Ryan, Chancellor, "Individual and In his Official Capacity"; Shirley Strum Kenny, President, "Individual and In her Official Capacity"; Robert L. McGrath,

Provost and Executive Vice President for Academic Affairs, "Individual and In his Official Capacity"; Norman H. Edelman, Vice President for the Health Sciences Center and Dean of The School of Medicine, "Individual and In his Official Capacity"; Elizabeth Mccoy, Director, Labor and Employee Relations, "Individual and In her Official Capacity"; Lenora J. McClean, Dean School Of Nursing, "Individual And In her Official Capacity"; Carole Blair, Associate Dean, Department Chair Parent–Child Health Nursing (Retired), "Individual And In her Official Capacity"; George Rannazzi, Assistant Dean For Administration, "Individual And In His Official Capacity"; Debra Sansoucie, Department Chair Parent Child Health Nursing, "Individual And In her Official Capacity"; Marie Ann Marino, Director Pediatric Nurse Practitioner Program, "Individual And In Her Official Capacity", Defendants.

No. 05 CV 2350(ADS)(ETB).

United States District Court, E.D. New York.

July 23, 2007.

Jane A. Fox, Wilmington, NC, Plaintiff Pro Se.

Andrew M. Cuomo State of New York Office of the Attorney General Attorneys for the Defendants Mineola, NY, by: Ralph Pernick, Assistant Attorney General.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Jane Fox (the "plaintiff") alleges that the State University of New York at Stony Brook ("SUNY") and several of its administrators discriminated against her on the basis of her age and disability in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12134. Presently before the Court is a motion by the defendants John R. Ryan, Shirley Strum Kenny, Robert L. McGrath, Norman H. Edelman, Elizabeth McCoy, Lenora J. McClean, Carole Blair, George Rannazzi, Debra Sansoucie, and Marie Ann Marino (collectively, the "individual defendants") for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") dismissing the plaintiff's amended complaint as against them.

### I. BACKGROUND

#### A. Facts

The plaintiff is a 56 year old former employee of SUNY. At the time she filed her first complaint on May 16, 2005, she was 54 years of age. The plaintiff suffers

from a disability known as *spasmodic torticollis,* which is characterized by involuntary movement or spasms of the muscles of the neck, which draw the head to one side. *See* Stedman's Medical Dictionary 1662, 1847 (27th ed.2000). The plaintiff alleges claims of age and disability discrimination and retaliation with respect to her employment with the State University of New York at Stony Brook University School of Nursing as a Clinical Associate Professor. The plaintiff's factual allegations are more fully set forth in the Court's June 7, 2006 Memorandum of Decision and Order, which determined a motion to dismiss by the defendants State University of New York at Stony Brook and the Stony Brook University School of Nursing. Familiarity with the allegations is presumed. To summarize, the plaintiff alleges discrimination in the form of a denial of a promotion from "part-time Clinical Associate Professor" to full-time status; pay disparity; various discrete acts constituting a hostile work environment; unlawful termination; and retaliation in response to her complaints to her union about her discriminatory treatment.

### B. Procedural History

The plaintiff commenced this action on May 16, 2005 by filing a complaint alleging discrimination by two defendants only: the State University of New York at Stony Brook and the Stony Brook University School of Nursing, HSC Level 2 Stony Brook. On June 7, 2006, the Court issued a Memorandum of Decision and Order with regard to the defendants' motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and, in the alternative, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The Court held that the plaintiff's claims under Title I of the ADA and the ADEA were barred by Eleventh Amendment immunity, and dismissed

these causes of action. The Court permitted the plaintiff to pursue claims for monetary damages based on discrimination and retaliation under Title II of the ADA.

Both parties moved for reconsideration of the June 7, 2006 order. At the same time, the plaintiff also moved for leave to file an amended complaint. On October 17, 2006, the Court denied both motions for reconsideration. Because no responsive pleading had been served at that time, however, the plaintiff did not need permission from the Court to file her amended complaint. Thus, the Court ordered that the amended complaint be accepted for filing as of October 17, 2006. The amended complaint is based on the same facts as the initial complaint, but in addition named the ten individuals and the State University of New York as defendants.

The individual defendants answered the amended complaint and, on January 11, 2007, made the instant motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings dismissing the amended complaint as against them. Neither of the SUNY defendants seek any relief on this motion, except to the extent that the amended complaint purports to re-assert claims against them that were dismissed by the Court on June 7, 2006.

## II. DISCUSSION

### A. Rule 12(c)

The standard for reviewing a motion for judgment on the pleadings under Fed. R.Civ.P. 12(c) is analogous to the rules pursuant to Rule 12(b)(6). *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir.2001). In deciding a motion to dismiss under Rule 12(c) or 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most

favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.,* 412 F.3d 103, 109 (2d Cir.2005); *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). The Court must determine whether "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union United Plant Guard Workers of Am.,* 47 F.3d 14, 16 (2d Cir.1995). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support her claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). In evaluating the allegations in the amended complaint, the Court remains mindful of the plaintiff's *pro se* status, and has interpreted her allegations to raise the strongest arguments that they suggest. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)).

**B. As to the Individual Defendants' Motion to Dismiss**

As an initial matter, the jurisdictional defects of the first complaint regarding the plaintiff's ADA Title I and ADEA claims against the SUNY defendants were not cured by the filing of the amended complaint. To the extent that the plaintiff is reasserting these claims in her amended complaint, they are dismissed for the reasons stated in the Court's June 7, 2006 Memorandum of Decision and Order.

Also, at the outset, the Court finds it necessary to address a contention contained in the plaintiff's affidavit in opposition to the this motion. Citing Rule 15(a), the plaintiff argues that because the Court permitted her to file the amended complaint on October 17, 2006, the individual defendants' arguments that her new claims should be dismissed are unfounded.

At the time the plaintiff filed her proposed amended complaint, the Court took no position with regard to the sufficiency of her allegations against the individual defendants. The Court accepted the amended complaint, as it was the plaintiff's right to file one because no responsive pleading had been served yet. *See Barbara v. N.Y. Stock Exchange, Inc.,* 99 F.3d 49, 56 (2d Cir.1996); *Gilmore v. Univ. of Rochester,* 410 F.Supp.2d 127, 129–30 (W.D.N.Y.2006). Recognizing the application of that rule, the defendants did not object to the plaintiff's application to file the amended complaint. The Court's acceptance of the amended complaint did not constitute an implicit determination that the allegations are legally sufficient.

**1. As to the Individual Capacity Claims**

■ The plaintiff's claims against the individual defendants in their individual capacity must be dismissed because there is no individual liability under Title I or Title II of the ADA, or the ADEA. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir.2001) ("As plaintiffs tacitly concede, Giblin, the principal actor in this case, is not a proper defendant [under ADA Title II] because he is an individual, not a public entity."); *Ocasio v. Riverbay Corp.,* No. 06 Civ. 6455(PAC)(KNF), 2007 WL 1771770, at *7 (S.D.N.Y. June 19, 2007) ("[N]o individual liability exists for violating ADEA."); *Altman v. New York City Dept. of Educ.,* No. 06 CV 6319 HB, 2007 WL 869021, at *2 (S.D.N.Y. Mar. 23, 2007) ("Because individuals are not subject to liability under ... the ADEA, the individual Defendants' motion to dismiss Plaintiff's ... ADEA claims against them in their individual capacities is granted"); *Peres v. Oceanside Union Free Sch. Dist.,* 426 F.Supp.2d 15, 22

(E.D.N.Y.2006) ("Plaintiff's ADEA claims against Roschelle fail[ ] as a matter of law as the ADEA does not provide for individual liability."); *Garibaldi v. Anixter, Inc.*, 407 F.Supp.2d 449, 451 (W.D.N.Y.2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA."). Accordingly, the individual defendants' motion to dismiss the plaintiff's ADA and ADEA claims against them in their individual capacities is granted.

### 2. As to the Official Capacity Claims

#### a. Title I of the ADA and the ADEA

■ To the extent that the plaintiff seeks monetary damages under Title I of the ADA and the ADEA from the individual defendants in their official capacities, such claims must be dismissed because Eleventh Amendment sovereign immunity applies to official capacity claims just as it applies to the plaintiff's claims against the SUNY defendants. *See Huang v. Johnson*, 251 F.3d 65, 69–70 (2d Cir.2001) ("[B]ecause state immunity extends to state officers who act on behalf of the state, where the state is the 'real, substantial party in interest,' the Eleventh Amendment generally bars federal court jurisdiction over actions against state officials acting in their official capacities.") (citations omitted); *see also Burnette v. Carothers*, 192 F.3d 52, 57 (2d Cir.1999) (same) (citations omitted); *Darcy v. Lippman*, No. 03 CV 6898(KMW)(DCF), 2006 WL 3761982, at *4 (S.D.N.Y. Dec. 19, 2006) (collecting cases). Thus, the individual defendants' motion to dismiss the plaintiff's claims for damages under Title I of the ADA the ADEA against them in their official capacities is granted.

■ It is also the Court's opinion that the *Ex Parte Young* exception to Eleventh Amendment immunity is not applicable in this case. Under the *Ex parte Young*

doctrine, the Eleventh Amendment does not bar a "suit against a state official when that suit seeks ... prospective injunctive relief." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 1132, 134 L.Ed.2d 252 (1996). At the time that the plaintiff sought leave to file an amended complaint, she filed a memorandum of law discussing the *Ex Parte Young* doctrine. In that memorandum, she explicitly stated that she was adding official capacity claims "to proceed under the basis of the *Ex Parte Young* Doctrine, which establishes subject matter jurisdiction in this Court for actions seeking prospective injunctive relief and enforcement for continuing violations of federal law." However, nowhere in that memorandum of law, in her amended complaint, or in any of the plaintiff's sworn affidavits does she plaintiff state a request for any type of prospective, injunctive relief. There simply is no request or allegation that brings the plaintiff's claims within the ambit of *Ex Parte Young*.

In an e-mail correspondence dated November 20, 2006 from the plaintiff to Assistant Attorney General Ralph Pernick, counsel for the defendants, the plaintiff states that she would like to discuss settlement and that as part of a compromise she would accept reinstatement to a certain position with SUNY. In the Court's view, the statement in the plaintiff's e-mail regarding reinstatement is not sufficient to satisfy *Ex Parte Young*. In determining a Rule 12(c) motion, the Court must limit its consideration to the contents of the pleadings. Also, the e-mail was sent to the defendants' counsel on November 20, 2006, which is approximately five months after the plaintiff first filed her amended complaint. To interpret the plaintiff's statement as an indication that she is seeking injunctive relief would be the equivalent of permitting the plaintiff to amend her com-

plaint a second time, which she is not asking to do.

Accordingly, because the plaintiff does not request prospective, injunctive relief, the Court finds that the *Ex Parte Young* exception to sovereign immunity is not applicable to the plaintiff's ADA Title I and ADEA claims against the individual defendants in their official capacities.

### b. Title II of the ADA

■ The Court has determined to allow the plaintiff's ADA Title II claims to proceed against SUNY. Because the State is the real party in interest for the plaintiff's claims against the individual defendants in their official capacities, it would be redundant to permit these claims to proceed when the plaintiff already has a cause of action against the State and her remaining claims against the individual defendants have been dismissed. *See Booker v. Bd. of Educ., Baldwinsville Cent. Sch. Dist.,* 238 F.Supp.2d 469, 475 (N.D.N.Y.2002). In *Booker,* the plaintiff brought only official capacity claims against individual defendants and a *Monell* claim against the school district. The Court dismissed the official capacity claims because they were redundant of the claims against the government entity. *Id.; see also Barmore v. Aidala,* 419 F.Supp.2d 193, 199 (N.D.N.Y. 2005).

Also, courts in the Southern District of New York have applied this rule with regard to claims under the ADA. *See Hallett v. New York State Dept. of Correctional Servs.,* 109 F.Supp.2d 190, 199–200 (S.D.N.Y.2000) ("Because plaintiff is able to assert his ADA and Rehabilitation Act claims against DOCS directly, I find that there is no justification for allowing plaintiff to also assert ADA and Rehabilitation Act claims against the individual defendants in their official capacities."); *Candelaria v. Cunningham,* No. 98 CIV. 6273(LAP), 2000 WL 798636, at *3 (S.D.N.Y. June 20, 2000) ("[T]here is no need for official capacity litigation when an individual can sue a government entity directly.").

Finally, without regard to the issue of redundancy, this Court and others have held that official capacity claims are not viable under the ADA. *See Winokur v. Office of Court Admin.,* 190 F.Supp.2d 444, 450 (E.D.N.Y.2002) (Spatt, J.) ("Janosek may not be held liable in his official capacity under the ADA.") (citations omitted); *Sutherland v. New York State Dept. of Law,* No. 96 CIV. 6935(JFK), 1999 WL 314186, *7 (S.D.N.Y. May 19, 1999) ("Nor can individuals be named as defendants in ADA ... suits in their official or representative capacities."); *Lane v. Maryhaven Center of Hope,* 944 F.Supp. 158, 163 (E.D.N.Y.,1996) (Spatt, J.) ("[T]here is no distinction made in Title VII or the ADA or Rehabilitation Act for lawsuits brought against other employees in their official capacities, as opposed to lawsuits brought against those employees in their individual capacities.... Lane's alternative request that his ADA claim survive against Bryant in his official capacity is denied.").

Accordingly, the individual defendants' motion to dismiss the plaintiff's claim under Title II of the ADA is dismissed.

### C. As to a Settlement Conference

In her affidavit in opposition to the individual defendants' motion, the plaintiff requests that the Court "encourage the [defendants] to consider a serious settlement conference." At the plaintiff's request, the Court directs the parties to appear for an in-court settlement conference on Wednesday, August 8, 2007, at 10:00 a.m. in Courtroom 1020 at the United States Courthouse in Central Islip, New York (corner of Spur Drive North and Carlton Avenue). The plaintiff and counsel for the defen-

dants should report to Courtroom 1020 for the conference. Adjournment of this settlement conference will be granted for good cause only. All questions concerning scheduling should be made to Mary Ellen Schaffner, Deputy Clerk, at (631) 712–5625.

Finally, at the defendants' request, the Court directs that the Clerk of the Court remove "Attachment 3" to the plaintiff's affidavit in opposition to the defendants' motion for judgment on the pleadings from public viewing, and that this document be sealed. "Attachment 3" appears as document number 41–4 on the docket.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the individual defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) dismissing the amended complaint as against them is granted; and it is further

**ORDERED,** that the plaintiff's claims against the individual defendants are dismissed; and it is further

**ORDERED,** the Clerk of the Court is directed to amend the caption to read as follows:

JANE A. FOX, Plaintiff,

-against-

STATE UNIVERSITY OF NEW YORK, and STATE UNIVERSITY OF NEW YORK AT STONYBROOK, Defendants.

and it is further

**ORDERED,** that the parties are directed to appear for an in-court settlement conference on Wednesday, August 8, 2007, at 10:00 a.m. in Courtroom 1020 at the United States Courthouse in Central Islip, New York; and it is further

**ORDERED,** that the Clerk of the Court is directed remove docket entry 41–1, "Attachment 3" to the plaintiff's affidavit in

opposition to the defendants' motion for judgment on the pleadings, from public viewing and that this document be sealed; and it is further

**ORDERED,** that the Clerk of the Court is directed to mail a copy of this Memorandum of Decision and Order to the *pro se* plaintiff by regular mail, and by certified mail, return receipt requested.

**SO ORDERED.**